**E-FILED**
Monday, 31 August, 2015  03:33:09 PM
Clerk, U.S. District Court, ILCD

AO 245B    (Rev. 09/08) Judgment in a Criminal Case (PROBATION ONLY)
v1    Sheet 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>JOSEPH R. KEEBLER | ) ) ) ) ) ) ) ) ) |

**JUDGMENT IN A CRIMINAL CASE**
(Probation Only)

Case Number:  13-30081-002

USM Number:  19203-026

James Elmore
Defendant's Attorney

FILED

AUG 3 1 2015

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud | 10/09/2013 | 1 |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages    through  5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    2 through 7    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/24/2015
Date of Imposition of Judgment

s/ Sue E. Myerscough

Signature of Judge

Sue E. Myerscough, U.S. District Judge
Name of Judge                    Title of Judge

Aug 28, 2015
Date

AO 245B       (Rev. 09/08) Judgment in a Criminal Case (PROBATION ONLY)
v1              Sheet 4—Probation

DEFENDANT:  JOSEPH R. KEEBLER
CASE NUMBER:  13-30081-002

Judgment Page: 2 of 5

## PROBATION

The defendant is hereby sentenced to probation for a term of :

24 months, with the first three months in home confinement.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## CONDITIONS OF SUPERVISION

1. The defendant shall not knowingly leave the judicial district without the permission of the Court or the U.S. Probation Office, who shall grant permission unless the travel would significantly hinder his rehabilitation.

2. The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to his conditions of supervision. Any answers he gives in response to the probation officer's inquiries as they relate to his conditions of probation must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.

4. The defendant shall notify the probation officer at least 10 days prior to, or as soon as he knows about, any changes in residence, employer, or work place.

5. The defendant shall permit a probation officer to visit him at home between the hours of 6:00 AM and 11:00 PM and at his place of employment while he is working. Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that the defendant is in violation of a condition of probation or if the defendant or a third party have reported that the defendant is unable to comply with a directive of the probation officer because of an emergency or illness.

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.

7. The defendant may obtain employment at any place where he will be involved in the management or handling of cash, credit, or any other financial instruments without prior approval of the Court. The defendant shall submit monthly business financial reports in the form of spread sheets to the probation office. The defendant shall disclose the fact and the nature of this federal conviction to any employer.

AO 245B       (Rev. 09/08) Judgment in a Criminal Case (PROBATION ONLY)
v1              Sheet 4C — Probation

DEFENDANT:  JOSEPH R. KEEBLER                              Judgment Page: 3 of 5
CASE NUMBER:  13-30081-002

## SPECIAL CONDITIONS OF SUPERVISION

8. The defendant shall serve 3 months in home confinement during the term of supervision. The home confinement will start as soon as possible after the probation term begins. The defendant shall be monitored by radio frequency monitoring technology and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program, if financially able, as directed by the U.S. Probation Office. The defendant shall sign the rules of home confinement/location monitoring and comply with the conditions of home confinement. During this time, the defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the U.S. Probation Office. The defendant shall wear a location monitoring device and shall pay the cost of this program, if financially able, as directed by the U.S. Probation Office.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case (PROBATION ONLY)
v1         Sheet 5 — Criminal Monetary Penalties

DEFENDANT: JOSEPH R. KEEBLER                          Judgment Page: 4 of 5
CASE NUMBER: 13-30081-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 30,000.00 | $ 179,438.10 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| State of Illinois Environmental Protection Agency | $179,438.10 | $179,438.10 | |
| **TOTALS** | $179,438.10 | $179,438.10 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B       (Rev. 09/08) Judgment in a Criminal Case (PROBATION ONLY)
v1             Sheet 6 — Schedule of Payments

Judgment Page: 5 of 5

DEFENDANT:  JOSEPH R. KEEBLER
CASE NUMBER:  13-30081-002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑ Lump sum payment of $   209,538.10       due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑ Special instructions regarding the payment of criminal monetary penalties:

    1. As of July 17, 2015, restitution in the amount of $179,438.10 has been paid in full.

    2. It is the recommendation of the Court that the fine in the amount of $30,000 be turned over to the State of Illinois Environmental Protection Agency, LUST Fund, due to the number of witnesses, amount of accountings, and Illinois Environmental Protection Agency attorney appearances in court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Duane T. Keebler in Case No. 13-30081-001, in an amount of $179,438.10.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.